UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY WILLIAMS, | No. 2:16-cv-2447 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT BOCKUS, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se. On October 12, 2016, defendants, employees of the California Department of Corrections and Rehabilitation (CDCR), removed this 42 U.S.C. § 1983 action from the Superior Court of Sacramento County pursuant to 28 U.S.C. § 1441(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  In order to avoid dismissal for failure to state a claim a complaint must contain more than
7  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
11 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
12 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
13 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
14 at 678. When considering whether a complaint states a claim upon which relief can be granted,
15 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
16 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
17 U.S. 232, 236 (1974).

18 Plaintiff appears to complain about verbal sexual harassment, but after conducting the
19 required screening, the court finds that plaintiff's complaint fails to state a claim upon which
20 relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading
21 policy, a complaint must give fair notice and state the elements of the claim plainly and
22 succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff
23 must allege with at least some degree of particularity overt acts which defendants engaged in that
24 support plaintiff's claim. Id. Plaintiff's complaint must be dismissed. The court will, however,
25 grant leave to file an amended complaint.

26 If plaintiff chooses to amend the complaint, he should consider the following:
27 1. In order to state a claim upon which relief can be granted, plaintiff must demonstrate
28 how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

1   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

2       2.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

    3.  The Eighth Amendment prohibits "cruel and unusual punishment."  Generally speaking "only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  Verbal harassment generally does not implicate the Eighth Amendment.  See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).

    4.  Prison officials generally cannot retaliate against inmates for exercising First Amendment rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."  Id. at 532.  The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1.  Plaintiff's complaint is dismissed.

    2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 22, 2017

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
will2447.14